TAM Medical Supply Corp., as Assignee of Prjalkina, Svetlana, Appellant,
against
Travelers Insurance Company, Respondent.




The Rybak Firm, PLLC (Damin J. Toell, Esq.), for appellant.
Law Offices of Aloy O. Ibuzor (Medgine Bernadotte, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Larry Love, J.), entered September 29, 2014. The order, insofar as appealed from, upon denying defendant's motion for summary dismissing the complaint, declined to make a finding, pursuant to CPLR 3212 (g), that plaintiff had timely submitted its bills to defendant and stated, "At trial [plaintiff] has the burden to prove its prima facie case and whether it fully complied with [defendant's] verification requests."




ORDERED that the order, insofar as appealed from, is modified by striking the provision therein that, "At trial [plaintiff] has the burden to prove . . . whether it fully complied with [defendant's] verification requests"; as so modified, the order, insofar as appealed from, is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that plaintiff had failed to provide verification which defendant had requested. Plaintiff opposed the motion and annexed its verification responses to its opposition papers. Plaintiff appeals from so much of the order of the Civil Court entered September 29, 2014 as declined to make a finding, pursuant to CPLR 3212 (g), that plaintiff had timely submitted its bills to defendant and stated, "At trial [plaintiff] has the burden to prove its prima facie case and whether it fully complied with [defendant's] verification requests."
Contrary to plaintiff's assertion, the Civil Court properly stated that plaintiff bears the [*2]burden at trial of proving its prima facie case (see V.S. Med. Servs., P.C. v Travelers Ins. Co., 49 Misc 3d 152[A], 2015 NY Slip Op 51760[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). However, inasmuch as it is a defendant's burden at trial to show that it has a meritorious defense and that such a defense is not precluded (see Presbyterian Hosp. in City of N.Y v Maryland Cas. Co., 90 NY2d 274, 282 [1997]), the Civil Court improperly determined that, at trial, plaintiff must prove "whether it fully complied with [defendant's] verification requests."
We decline plaintiff's request to make a CPLR 3212 (g) finding in plaintiff's favor (see S & R Med., P.C. v GEICO Gen. Ins. Co., 52 Misc 3d 133[A], 2016 NY Slip Op 51013[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]).
Accordingly, the order, insofar as appealed from, is modified by striking the provision therein that, at trial, plaintiff has the burden to prove "whether it fully complied with [defendant's] verification requests."
PESCE, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 09, 2018